**Carlos Humberto Rodas GONZALEZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–75876.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007.*

Filed Feb. 27, 2007.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Carlos Humberto Rodas Gonzalez, Fontana, CA, pro se.

CAC–District Counsel, Esq. Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, William C. Minick, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Carlos Humberto Rodas Gonzalez, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review the denial of a motion to reopen for abuse of discretion, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and we dismiss in part and deny in part the petition for review.

■ Rodas Gonzalez did not raise the issue of his purported eligibility for relief based on his marriage to a United States citizen before the BIA. We therefore lack jurisdiction to consider this claim. *Ortiz v. INS*, 179 F.3d 1148, 1152 (9th Cir.1999) (stating that a petitioner cannot raise an issue for the first time in a petition for review, but is free to move the BIA to reopen).

■ The BIA did not abuse its discretion when it denied as untimely Rodas Gonzalez's motion to reopen where he filed the motion to reopen more than two years after the BIA's final order of removal and he failed to show he was entitled to equitable tolling. *See Iturribarria*, 321 F.3d at 897 (equitable tolling applies "when a petitioner is prevented from filing because of deception, fraud, or error, as long as the petitioner acts with due diligence in discovering" the misconduct).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.